## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

|  |  |
|---|---|
| **AVERY JACOB POLLOCK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **CASE NO.:** |
| ) | |
| **MOVE4ALL, INC. and** ) | |
| **CURTIS D. HERSEY,** ) | |
| ) | |
| **Defendants.** ) | |
| _____/ | |

## C O M P L A I N T

COMES NOW, Plaintiff, AVERY JACOB POLLOCK, by and through the undersigned counsel, and sues Defendants, MOVE4ALL, INC. and CURTIS D. HERSEY, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA") as amended 29 U.S.C. § 201, *et seq.*, Florida Statute § 448.110, known also as, the Florida Minimum Wage Act ("FMWA"), Florida Constitution Article, Section 24, Florida contract law, and common law and states as follows:

### JURISDICTION AND VENUE

1.  This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer…in any Federal or State court of competent jurisdiction."

2.  This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331.

3.  This Court has Supplemental Jurisdiction over Plaintiff's claim for violation of FLA. STAT. § 448.110 (the FMWA) and Plaintiff's breach of contract claim, pursuant to 28 U.S.C. § 1367(a), as it forms part of the same case and controversy as Plaintiff's FLSA claims, over which the Court has federal question jurisdiction.

4.  Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as Defendant is located and/or does business within this District. In addition, a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## PARTIES

5.  Plaintiff AVERY JACOB POLLOCK (hereafter "Plaintiff") is a resident of the Harris County in the State of Texas and was an employee of Defendant

during the three (3) years before the date on which this Complaint was filed.

6.  Plaintiff worked for Defendant performing duties assigned to him by Defendant at properties located in Duval County, Florida, in the State of Florida, and in the United States.

7.  At all times material herein, Plaintiff was an employee of Defendant within the meaning of the FLSA at 29 U.S.C. § 203(e)(1).

8.  Defendant MOVE4ALL, INC. (hereafter "Defendant INC.") is a for-profit corporation duly licensed and organized under the laws of the State of Florida and is engaged in the business of, but not limited to, commercial and residential relocations.

9.  Defendant CURTIS D. HERSEY (hereafter "Defendant HERSEY") owns and operates Defendant INC.

## FACTUAL ALLEGATIONS

10.  Defendant INC., at all times material, was an "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

11.  Defendant HERSEY, at all times material, was an "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

12.     At all times material herein, Plaintiff was an "employee" of Defendant INC. within the meaning of the FLSA at 29 U.S.C. § 203(e)(1).

13.     At all times material herein, Plaintiff was an "employee" of Defendant HERSEY within the meaning of the FLSA at 29 U.S.C. § 203(e)(1).

14.     Defendant INC.'s principal place of business is located at 535 Cypress Tree Court, Orlando, Florida 32825.

15.     Defendant INC. is an employer and enterprise engaged in interstate commerce.

16.     Defendant HERSEY is an employer and enterprise engaged in interstate commerce.

17.     Defendant INC., as part of its business, would engage in interstate commerce by, but not limited to, processing credit cards which are instruments of interstate commerce, transacting business with foreign corporations which were part of interstate commerce, purchasing products, furniture, equipment, materials, and supplies from dealers, wholesalers, suppliers, and retailers out of state which were part of interstate commerce, by advertising on the World Wide Web and other mediums to potential clients outside the State of Florida, by using roads and highways to transport

its clients' belongings throughout the United States, and by transacting business across state lines, all of which are part of interstate commerce.

18. Defendant HERSEY, as part of his business, would engage in interstate commerce by, but not limited to, processing credit cards which are instruments of interstate commerce, transacting business with foreign corporations which were part of interstate commerce, purchasing products, furniture, equipment, materials, and supplies from dealers, wholesalers, suppliers, and retailers out of state which were part of interstate commerce, by advertising on the World Wide Web and other mediums to potential clients outside the State of Florida, by using roads and highways to transport its clients' belongings throughout the United States, and by transacting business across state lines, all of which are part of interstate commerce.

19. Furthermore, Defendants obtains, exchanges, and sends/receives funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

20. At all times material herein, Defendant INC. has annual revenue of at least five hundred thousand dollars ($500,000.00).

21. At all times material herein, Defendant HERSEY has annual revenue of at least five hundred thousand dollars ($500,000.00).

22. If neither Defendant had an individual annual income of at least $500,000.00, then the Defendants collectively had an annual income of at least $500,000.00 at all times material herein.

23. Defendant INC. controls the day to day operations of the office located at 535 Cypress Tree Court, Orlando, Florida 32825 and is actively involved in the day to day operations of same, including matters concerning hiring and terminating employees, payroll, setting policies, setting employees' work schedules and hours, setting employees rates of pay, assigning tasks to employees, making procedures, setting goals and quotas, marketing, establishing services to offer, setting product and services pricing, corresponding with clients, taking and processing payments from clients, and other business operations.

24. Defendant HERSEY controls the day to day operations of the office located at 535 Cypress Tree Court, Orlando, Florida 32825 and is actively involved in the day to day operations of same, including matters concerning hiring and terminating employees, payroll, setting policies, setting employees' work schedules and hours, setting employees rates of pay, assigning tasks to

employees, making procedures, setting goals and quotas, marketing, establishing services to offer, setting product and services pricing, corresponding with clients, taking and processing payments from clients, and other business operations.

25.   Plaintiff worked for Defendants at their office located at 535 Cypress Tree Court, Orlando, Florida 32825.

26.   Plaintiff performed work assigned to him by Defendant HERSEY at Defendants' customers' residences and/or places of business.

27.   Plaintiff performed work assigned to him by Defendant INC. at Defendants' customers' residences and/or places of business.

28.   At all times material herein, Defendants controlled Plaintiff's day to day activities, had operational control over Plaintiff, and otherwise directed Plaintiff's activities as Defendants' employee.

29.   At all times material herein, Defendant INC. was responsible for hiring Plaintiff, having the ability to terminate Plaintiff, setting Plaintiff's rate of pay, determining if the minimum wage or overtime was to be paid, determining if commission(s) were to be paid, setting Plaintiff's work schedule, including the number of days and hours worked, determining and assigning Plaintiff's work duties, and supervising Plaintiff.

30. At all times material herein, Defendant HERSEY was responsible for hiring Plaintiff, having the ability to terminate Plaintiff, setting Plaintiff's rate of pay, determining if the minimum wage or overtime was to be paid, determining if commission(s) were to be paid, setting Plaintiff's work schedule, including the number of days and hours worked, determining and assigning Plaintiff's work duties, and supervising Plaintiff.

31. At all times during the period Plaintiff worked for Defendants, Defendants exercised control over his work activities and directed his duties.

32. At all times during the period Plaintiff worked for Defendants, the employer/employee relationship between the parties was permanent in nature.

33. At all times during the period Plaintiff worked for Defendants, Plaintiff was economically dependent on Defendants.

34. At all times during the period Plaintiff worked for Defendants, Plaintiff's performed job duties were an integral part of Defendants' business.

35. Defendant worked for Defendant as a Mover in or about September 2018.

36. When Defendant hired Plaintiff, the Parties agreed Plaintiff would be compensated at a rate of at least $13.00 per hour for every hour worked for Defendant.

37.   Plaintiff was paid with a paycheck every week by Defendant during his employment for Defendant.

38.   During Plaintiff's employment as a "Mover" for Defendant, his primary duties included, but were not limited to, traveling to Defendants' clients' residences and/or places of business, packing and carrying Defendant's clients household or business items, and loading Defendant's clients' items into Defendants' moving trucks.

39.   Plaintiff did not facilitate or determine how Defendants' moving trucks were loaded,

40.   Plaintiff did not facilitate or determine where the items were placed in Defendants' moving trucks.

41.   Plaintiff did not facilitate nor determine how the weight of the loads would be distributed in Defendants' moving trucks.

42.   Plaintiff did not drive Defendants' moving trucks.

43.   Plaintiff did not drive any vehicles for Defendants.

44.   Plaintiff worked the number of hours required of him by Defendants, but was not paid for each and every hour worked during one or more work weeks.

45.   Defendant INC. is directly involved with paying Plaintiff, determining when Plaintiff would be paid, and setting Plaintiff's rate of pay.

46.   Defendant HERSEY is directly involved with paying Plaintiff, determining when Plaintiff would be paid, and setting Plaintiff's rate of pay.

47.   To date, Defendants have not paid Plaintiff his due wages for all hours that he worked for Defendants.

48.   Specifically, Defendants withheld a substantial portion of Plaintiff's pay from Plaintiff's final paycheck, which was due on or about October 5, 2018, which resulted in: (a) Plaintiff not being compensated at the Federal minimum wage for each hour Plaintiff worked for Defendants, (b) Plaintiff not being compensated at the Florida minimum wage for each hour Plaintiff worked for Defendants, (c) Plaintiff not being compensated at the Federal overtime rate of pay for each hour worked for Defendants over 40 hours in a workweek, and (d) Plaintiff not being compensated at the agreed upon rate of at least $13.00 per hour for each hour worked for Defendants.

49.   Defendants took unauthorized and illegal withholdings from Plaintiff's paycheck, resulting in him being paid less than the parties agreed upon rate of pay, less than the Florida and Federal minimum wage, and less than the overtime premium rate of pay for overtime hours.

50.  Defendants suffered and permitted Plaintiff to work for it but did not pay Plaintiff for all work that he performed for Defendants.

51.  Defendants' actions in failing and/or refusing to pay Plaintiff the applicable Federal or Florida minimum wage was willful and not in good faith.

52.  Defendants' actions in failing and/or refusing to pay Plaintiff the applicable overtime rate, as required by the FLSA, was willful and not in good faith.

53.  The records concerning the hours worked by Plaintiff are in the exclusive possession and sole custody and control of Defendants. Therefore, Plaintiff is unable to determine and state the exact amount of damages due.

54.  On or October 26, 2018, Plaintiff contacted Defendants and requested the wages he was owed, but Defendants refused to pay same.

55.  On or about December 13, 2018, the undersigned sent a letter of demand to Defendants, on behalf of Plaintiff, requesting Plaintiff's unpaid back wages and damages, but Defendants refused to pay same.

56.  Plaintiff has retained the undersigned attorneys and Defendants are obligated to pay them a reasonable fee for their services pursuant to the FLSA.

57.  On or about December 13, 2018, the undersigned sent a letter of demand to Defendants for Plaintiff's unpaid wages, damages, and losses.  Defendants responded on December 18, 2018 refusing to pay same. "Letters of Demand

to Defendants" attached as "Composite Exhibit A" and "Defendants' Response" attached as "Exhibit B."

58. All conditions precedent to bringing this suit have been met.

## COUNT I
## FAILURE TO PAY MINIMUM WAGE UNDER THE
## FAIR LABOR STANDARDS ACT

59. Plaintiff re-alleges and incorporates Paragraphs one (1) through fifty-eight (58) above as if fully set forth herein.

60. The FLSA mandates an employer pay its employees at least the federal minimum wage for each hour worked. 29 U.S.C. § 206(a).

61. Plaintiff worked for Defendants but was not paid at least the Federal Minimum Wage for each and every hour worked as required by the FLSA during at least one work week.

62. Defendants failed and/or refused to compensate Plaintiff at the minimum hourly wage for each and every hour worked as required under the FLSA.

63. Defendants were aware they had suffered and permitted Plaintiff to work without proper compensation for minimum wages under the FLSA.

64. Defendants knew, or showed reckless disregard for the fact, that their failure to pay Plaintiff as alleged herein was in violation of the FLSA.

65. Defendants' practice of failing to pay Plaintiff the appropriate minimum

wage due violated the provisions of the FLSA, *see* 29 U.S.C. §206.

66. As a result of Defendants' unlawful practice, Plaintiff has suffered damages in the form of unpaid wages.

67. The actions of the Defendants complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

68. Because of Defendants' actions, Plaintiff had to retain counsel to pursue this cause of action and is entitled to recover attorney's fees and costs connected with this suit.

69. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of compensation in amounts to be determined at trial.

70. Plaintiff is entitled to recovery of his unpaid wages and an equal amount of liquidated damages

71. Plaintiff is entitled to recover attorney's fees and costs associated with and incurred in bringing this action.

72. Defendants are jointly and severally liable to Plaintiff for his unpaid wages, liquidated damages, and attorney's fees and costs incurred in pursuing this claim.

73. Prior to bringing this action, Plaintiff attempted to resolve this matter with Defendants. *See* Composite Exhibit A and Exhibit B.

**WHEREFORE**, Plaintiff prays that this Honorable Court:

A. Enter judgment for Plaintiff and against Defendant on the basis of Defendant's violations of the minimum wage provisions of the FLSA;

B. Award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid minimum wages;

C. Award Plaintiff an equal amount in liquidated damages;

D. Award Plaintiff reasonable attorney's fees and costs of suit, pursuant to 29 U.S.C. § 216;

E. Hold both Defendants jointly and severally liable to Plaintiff for unpaid wages, liquidated damages, and attorney's fees and costs; and

F. Grant such other and further relief as this Court deems equitable and just.

## COUNT II
## FAILURE TO PAY MINIMUM WAGE UNDER THE
## FLORIDA MINIMUM WAGE ACT AND FLORIDA CONSTITUTION

74. Plaintiff re-alleges and incorporates Paragraphs one (1) through fifty-eight (58) above as if fully set forth herein.

75. The FMWA and Florida Constitution mandate an employer pay its employees at least the minimum wage for each hour worked. FLA. STAT. § 448.110; Fla. Const., Art. X, § 24(c).

76. Plaintiff worked for Defendants but was not paid at least the Florida

Minimum Wage for each and every hour worked as required by the FMWA during one or more weeks of work.

77. Defendants failed and/or refused to compensate Plaintiff at the minimum hourly wage for each and every hour worked as required under the FMWA.

78. Defendants were aware they had suffered and permitted Plaintiff to work without proper compensation for minimum wages under the FMWA.

79. Defendants knew, or showed reckless disregard for the fact, that their failure to pay Plaintiff as alleged herein was in violation of the FMWA.

80. Defendants' practice of failing to pay Plaintiff the appropriate minimum wage due violated the minimum wage provisions of the FMWA. *See* FLA. STAT. § 448.110.

81. As a result of Defendants' unlawful practice, Plaintiff has suffered damages in the form of unpaid wages.

82. The actions of Defendants complained of herein were willful within the meaning of the FMWA at § 448.110.

83. Because of Defendants' actions, Plaintiff had to retain counsel to pursue this cause of action and is entitled to recover attorney's fees and costs connected with this suit.

84. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of

compensation in amounts to be determined at trial.

85.  Defendants' failure to compensate Plaintiff at the Florida Minimum Wage for all hours worked was not in good faith.

86.  Plaintiff is entitled to recover his unpaid wages plus an equal amount of liquidated damages.

87.  Defendants are jointly and severally liable to Plaintiff for unpaid wages, liquidated damages, and attorney's fees and costs.

88.  Defendants are joint employers of Plaintiff.

89.  Prior to bringing this action, Plaintiff attempted to resolve this matter with Defendants. *See* Composite Exhibit A and Exhibit B.

90.  All conditions precedent to bring this claim have been met.

**WHEREFORE**, Plaintiff prays that this Honorable Court:

A.  Enter judgment for Plaintiff and against Defendant on the basis of Defendant's violations of the minimum wage provisions of the Florida Minimum Wage Act, Title XXXI, Sec. 448.110;

B.  Award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid minimum wages;

C.  Award Plaintiff an equal amount in liquidated damages;

D.  Award Plaintiff reasonable attorney's fees and costs of suit, pursuant to FLA.

STAT. 448.08;

E. Hold both Defendants jointly and severally liable to Plaintiff for unpaid wages, liquidated damages, and attorney's fees and costs; and

F. Grant such other and further relief as this Court deems equitable and just.

## COUNT III
## FAILURE TO PAY OVERTIME WAGES UNDER THE FAIR LABOR STANDARDS ACT

91. Plaintiff re-alleges and incorporates Paragraphs one (1) through fifty-eight (58) above as if fully set forth herein.

92. Defendants did not pay Plaintiff at the overtime premium rate of pay for all hours worked over 40 hours in a workweek, even though Section 207(a)(1) of the FLSA prohibits an employer from employing its non-exempt employees for a workweek longer than 40 hours, unless such employee receives compensation for all hours he or she is employed in excess of 40 at a rate not less than one and one-half  times the regular rate of pay.

93. Plaintiff was not exempt from receiving overtime compensation under the FLSA.

94. As such, Plaintiff was entitled to be paid at a rate one and one-half times the regular hourly rate for each hour worked in excess of 40 in a workweek.

95.     Plaintiff's hourly rate of pay was $13.00 per hour; therefore, his overtime rate of pay was $19.50 per hour.

96.     Defendants employed Plaintiff in excess of 40 hours in at least one work week without paying Plaintiff at a rate of one and one-half times the regular rate of pay for all hours worked in excess of 40 in the workweek as required by the FLSA.

97.     As a consequence of Defendants' violation of the FLSA, Plaintiff is entitled to one and one-half times his regular rate of pay for all hours worked in excess of 40 hours (overtime) for each hour of overtime Plaintiff worked for Defendants and was not compensated at his overtime rate of pay.

98.     Defendants knew and was aware at all times that Plaintiff worked more than 40 hours per week without receiving the appropriate overtime compensation.

99.     Defendants failed and/or refused to properly compensate Plaintiff at the proper overtime rate for each hour worked in excess of 40 in a work-week.

100.    Defendants knew, or showed reckless disregard for the fact, that their failure to pay Plaintiff as alleged herein was in violation of the FLSA.

101.    The actions of Defendants complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

102.    The actions of Defendants complained of herein were not in good faith.

103. Accordingly, Plaintiff is entitled to recover liquidated damages equal to his unpaid overtime wages.

104. Because of Defendants' actions, Plaintiff had to retain counsel, and is entitled to recover attorney's fees and costs connected with this suit.

105. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

106. Defendants are jointly and severally liable to Plaintiff for unpaid overtime wages, liquidated damages and attorney's fees and costs as joint employers.

**WHEREFORE**, Plaintiff prays that this Honorable Court:

A. Enter judgment for Plaintiff and against Defendant on the basis of Defendant's violations of the overtime wage provisions of the FLSA;

B. Award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid overtime wages;

C. Award Plaintiff an equal amount in liquidated damages;

D. Award Plaintiff reasonable attorney's fees and costs of suit, pursuant to 29 U.S.C. § 216;

E. Hold both Defendants jointly and severally liable to Plaintiff for unpaid

overtime wages, liquidated damages, and attorney's fees and costs; and

F. Grant such other and further relief as this Court deems equitable and just.

## COUNT IV
## BREACH OF CONTRACT
*Against Defendant Move4All, Inc.*

107. Plaintiff re-alleges paragraphs one (1) through fifty-eight (58) above as if fully set forth herein.

103. Defendant Move4All, Inc. (hereafter "Defendant INC.") entered into a valid employment agreement with Plaintiff on or about September 10, 2018. *See* Employment Contract attached hereto as "Exhibit C."

104. Per said employment agreement, Defendant INC. agreed to compensate Plaintiff at a rate of $13.00 per hour for performing work as a mover. *See* Exhibit C.

105. Plaintiff performed the job duties in a satisfactory manner and in accordance with his agreement with Defendant INC.

106. On one or more occasions, Defendant INC. failed to pay Plaintiff compensation in accordance with their agreement at the agreed upon rate of pay of $13.00 per hour.

107. Defendant INC. withheld wages from Plaintiff in contravention to the terms of the parties' agreement.

107. Defendant INC.'s failure to pay Plaintiff in accordance with their agreement constituted a material breach of their agreement.

108. Defendant INC.'s material breach of the agreement has and continues to cause harm to Plaintiff in the form of lost wages.

109. As a result of the unlawful acts of Defendant INC., Plaintiff has been deprived of compensation in amounts to be determined at trial and is entitled to recovery of such amounts, and attorney's fees and costs, pursuant to Florida Statute § 448.08.

110. Prior to bringing this action, Plaintiff attempted to resolve this matter with Defendants. *See* Composite Exhibit A and Exhibit B.

**WHEREFORE**, Plaintiff prays that this Honorable Court:

A. Enter judgment for Plaintiff and against Defendant Move4All, Inc., under Count IV of Plaintiff's Complaint;

B. Declare and find Defendant INC. materially breached its agreement with Plaintiff and that Plaintiff suffered damages as a result, as alleged in Count IV of Plaintiff's Complaint;

C. Award compensatory damages in an amount to be determined at trial for Defendant INC.'s material breach of its agreement with Plaintiff, as alleged in Count IV of Plaintiff's Complaint;

D. Award Plaintiff reasonable attorney's fees and costs of this suit, pursuant to FLA. STAT. § 448.08; and

E. Grant such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS**

DATED this 21ST day of January, 2019.

Respectfully submitted,

*/S/ Jeremiah J. Talbott*

JEREMIAH J. TALBOTT, ESQ.
FL Bar No. 0154784
Law Office of Jeremiah J. Talbott, P.A.
900 E. Moreno Street
Pensacola, Fla. 32503
(850) 437-9600 / (850) 437-0906 (fax)
jjtalbott@talbottlawfirm.com
civilfilings@talbottlawfirm.com
*Counsel for Plaintiff*