# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**AVERY JACOB POLLOCK,**

        **Plaintiff,**

**v.**                                                       **Case No: 6:19-cv-130-Orl-31DCI**

**MOVE4ALL, INC. and CURTIS D. HERSEY,**

        **Defendants.**

## AMENDED[1] REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:**   **PLAINTIFF'S RENEWED MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT (Doc. 22)**
>
> **FILED:**     **July 22, 2019**
>
> ___
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part.**

## I. BACKGROUND.

On January 21, 2019, Plaintiff Avery Jacob Pollock filed a complaint against Defendants Move4All, Inc. and Curtis D. Hersey, a moving company and its owner-operator. Doc. 1 (the Complaint). The essence of the Complaint is that Plaintiff, who was employed by Defendants as a mover, was not paid minimum wage for work he performed, nor was he paid overtime wages for

___

[1] The undersigned has amended this Report to correct a typographical error concerning the pluralization of Defendants.

work he performed in excess of forty (40) hours per week. *Id*. Plaintiff asserts one claim for unpaid wages under the Fair Labor Standards Act (FLSA), 209 U.S.C. § 206(a) (Count I); one claim for unpaid wages under the Florida Minimum Wage Act (FMWA), Fla. Stat. § 448.110 and the Florida Constitution, Art. X, § 24(c) (Count II); one claim for unpaid overtime wages under the FLSA, 29 U.S.C. § 207 (Count III); and one claim for breach of contract (Count IV). *Id.*

On January 30, 2019, Plaintiff filed a return of service as to Defendant Move4All, in which the process server averred that she served Defendant Move4All by serving Defendant's office manager. Doc. 11. On the same date, Plaintiff also filed a return of service as to Defendant Hersey, in which the process server averred that she served Defendant Hersey by serving a co-resident. Doc. 10. Thus, Defendants had 21 days from the dates of service – January 24 and January 26, 2019, respectively – to respond to the Complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). Defendants, however, did not respond to the Complaint, and on February 27, 2019, Plaintiff moved for default against Defendants. Docs. 12; 13. On February 28, 2019 the Clerk entered default against Defendants. Docs. 14; 15.

On May 1, 2019, the Court entered an Order directing Plaintiff to show cause why the case should not be dismissed for failure to prosecute. Doc. 16. Plaintiff timely responded (Doc. 19), and on May 13, 2019, filed a motion for entry of default final judgment (Doc. 17) and a motion or entitlement to and award of attorney fees and costs. Doc. 18. On July 2, 2019, the Court entered an Order denying Plaintiff's motion for default judgement without prejudice and directed Plaintiff to file a renewed motion that complied with Local Rule 3.01(a) and the terms of the Order. *See* Doc. 21.

On July 22, 2019, Plaintiff filed the Renewed Motion for Entry of Default Final Judgment that is now before the Court (the Motion), along with an affidavit from himself. Docs. 22; 22-1.

Plaintiff argues that the allegations in the Complaint demonstrate that he is entitled to default judgment against Defendants as to Counts II (unpaid wages under the FMWA and the Florida Constitution) and III (unpaid overtime wages under the FLSA) of the Complaint.[2] Doc. 22 at 1. Thus, Plaintiff requests a total of $660.00 for unpaid minimum wages and liquidated damages as to Count II and a total of $1,365.00 for unpaid overtime wages and liquidated damages as to Count III. *Id.* at 5-6.[3]

## II.   STANDARD OF REVIEW.

The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment. First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters default. Fed. R. Civ. P. 55(a). Second, after obtaining clerk's default, the plaintiff must move for default judgment. Fed. R. Civ. P. 55(b). Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[4]

---

[2] Plaintiff notes that he is not seeking default final judgment as to Counts 1 and 4 at this time. Doc. 22 at ¶ 12.

[3] Plaintiff also requests an award of attorney fees, but as he addresses that issue in a separate motion (*see* Plaintiff's Motion for Entitlement to and Award of Attorney's Fees and Costs, Doc. 18), the Court will not address that here.

[4] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). To state a plausible claim for relief, a plaintiff must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant and offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). If a plaintiff fails to meet this pleading standard, then the plaintiff will not be entitled to default judgment.

If the plaintiff is entitled to default judgment, then the court must consider whether the plaintiff is entitled to the relief requested in their motion for default judgment. If the plaintiff seeks damages, the plaintiff bears the burden of demonstrating entitlement to recover the amount of damages sought in the motion for default judgment. *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008). Unlike well-pled allegations of fact, allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages. *Id.* (citing *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999)). Therefore, even in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters[.]" *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects a basis for an award of

damages).  Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a liquidated sum or one capable of mathematical calculation, the law requires the district court to hold an evidentiary hearing to fix the amount of damages.  *See Adolph Coors*, 777 F.2d at 1543-44.  However, no hearing is needed "when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages."  *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *see also Wallace*, 247 F.R.D. at 681 ("a hearing is not necessary if sufficient evidence is submitted to support the request for damages").

### III.   ANALYSIS.

#### A.  Jurisdiction.

The Court has subject matter jurisdiction over this Plaintiff's FLSA claim.  29 U.S.C. § 216(b) (FLSA actions may be brought "in any Federal or State court of competent jurisdiction"); 28 U.S.C. § 1331 (conferring original jurisdiction for "all civil actions arising under the Constitution, laws, or treated of the United States"); *Quinn v. Dermatech Ressearch, LLC,* 2019 WL 1586736, at *1 (M.D. Fla. Apr. 12, 2019) ("This Court had federal question subject matter jurisdiction due to the FLSA claims.").

The Court also has supplemental jurisdiction over Plaintiff's related state-law unpaid wages claim in light of its original jurisdiction over the FLSA claim.  28 U.S.C. § 1367 (providing supplemental jurisdiction over claims "so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy"); *Sims v. Unation, LLC*, 292 F. Supp. 3d 1286, 1299 (M.D. Fla. 2018) (finding court had supplemental jurisdiction over plaintiff's state-law unpaid wage claim where it had original jurisdiction under the FLSA).

The Court likewise has personal jurisdiction over Defendants. As alleged in the complaint, Defendant Move4All is a Florida corporation with its principal place of business in Orlando, Florida. Doc. 1 at ¶¶ 8; 14; *see Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) (noting that a corporate defendant's place of incorporation and/or principal place of business is a "paradigm" basis for the exercise of general jurisdiction). As also alleged in the complaint, Defendant Hersey owns and operates a business in Florida. Doc. 1 at ¶ 9. Further, return of service filed in this action evidences that Defendant Hersey was properly served with the summons and complaint at his residence, in Florida, in accordance with Florida Statute § 48.031(1)(a). Doc. 10 at 3.[5]

As a result, the Court has jurisdiction over both the claims and the parties.

**B. Clerk's Default.**

On January 30, 2019, Plaintiff filed a return of service as to Defendant Move4All, in which the process server averred that she served Defendant Move4All by serving Defendant's office manager. Doc. 11. This was proper service on a corporation under Florida law. Fla. Stat. § 48.081(1)(b). Thus, Defendant Move4All had 21 days from the date of service – January 24, 2019 – to respond to the Complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). On the same date, Plaintiff also filed a return of service as to Defendant Hersey, in which the process server averred that she served Defendant Hersey by serving a co-resident at his usual place of abode, 15 years of age or older,

---

[5] The undersigned recognizes that domicile, not residency, is the relevant inquiry for general personal jurisdiction. *Goodyear*, 564 U.S. at 924. However, given Hersey's operation of a business in Florida and the personal service upon him in this state, the undersigned finds that personal jurisdiction is satisfied. *See* Fed. R. Civ. P. 4(k)(1)(A) (service of process is effective to establish personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located"); *see also Cabreja v. SC Maint., Inc.,* No. 8:19-CV-296-T-33CPT, 2019 WL 2931469, at *3, n.1 (M.D. Fla. June 19, 2019), report and recommendation adopted, No. 8:19-CV-296-T-33CPT, 2019 WL 2929325 (M.D. Fla. July 8, 2019) (finding personal jurisdiction satisfied in a similar circumstance).

and informing the person of the contents of the served documents. Doc. 10. This was proper service on an individual under Florida law. Fla. Stat. § 48.031(1)(a). Thus, Defendant Hersey had 21 days from the dates of service – January 26, 2019 – to respond to the Complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). Defendants did not respond to the Complaint, and the undersigned therefore finds that the Clerk properly entered default against Defendants.

### C. FLSA Liability.

An employee engaged in interstate commerce must be paid an overtime wage of one and one-half times his or her regular rate for all hours he or she works in excess of 40 hours per week. 29 U.S.C. § 207(a)(1). If an employee is not paid the statutory wage, the FLSA creates a private cause of action for that employee against his or her employer for the recovery of unpaid overtime wages and an equal amount of liquidated damages if the failure to pay overtime wages is found to be willful. *Id*. at §§ 216(b), 260. To establish a prima facie case of liability for unpaid overtime compensation under the FLSA, the plaintiff must demonstrate the following: 1) defendant employed him or her; 2) either (a) he or she was engaged in interstate commerce, or (b) defendant is an enterprise engaged in interstate commerce; 3) he or she worked over forty (40) hours a week; and 4) defendant did not pay him or her all of their overtime wages. *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008).

#### 1. Employment.

As defined by the statute, and subject to certain exceptions not at issue here, an "employee" is "any individual employed by an employer." 29 U.S.C. § 203(e)(1). The statutory definition of "employer" is similarly broad as it encompasses both the employer for whom the employee directly works, as well as "any person acting directly or indirectly in the interest of an employer in relation to an employee[.]" *Id*. at § 203(d). Thus, as defined, an employer is not only a company

for whom the employee directly works but also includes "any person who (1) acts on behalf of that employer and (2) asserts control over conditions of the employee's employment." *Josendis*, 662 F.3d at 1298 (citation omitted).

Plaintiff's allegations sufficiently demonstrate an employee-employer relationship between him and Defendants. He alleges, in particular, that Defendants employed him as a mover during September 2018. Doc. 1 at ¶¶ 10-13; 35. He also alleges that, along with Defendant Move4All, Defendant Hersey "controls the day to day operations of the office…" and is actively involved in those operations, including:

> matters concerning hiring and terminating employees, payroll, setting policies, setting employees' work schedules and hours, setting employees rates of pay, assigning tasks to employees, making procedures, setting goals and quotas, marketing, establishing services to offer, setting product and services pricing, corresponding with clients, taking and processing payments from clients, and other business operations.

*Id.* at ¶¶ 23-24. Additionally, Plaintiff alleges that both Defendant Move4All and Defendant Hersey had the ability to terminate Plaintiff and were responsible for hiring Plaintiff, determining his rate of pay, determining if minimum wage, overtime wages, or commission(s) were to be paid, setting Plaintiff's work schedule (including the number of days and hours works), determining and assigning Plaintiff's work duties, and supervising Plaintiff. *Id.* at ¶¶ 29-30.

Accepting these allegations as true, the undersigned finds that Plaintiff has sufficiently demonstrated that he was employed by Defendants. Therefore, the undersigned respectfully recommends that to the extent the Court finds liability, Defendants Move4All and Hersey be held jointly and severally liable. *See Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1309 (11th Cir. 2013) ("[W]e have joined the 'overwhelming weight of authority' and held that 'a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.'")

(citations omitted); *Elwell v. Pierce N Tell*, LLC, 2014 WL 12617813, at *2 (M.D. Fla. Mar. 6, 2014) (holding that allegations about a company's owner and operator with direct supervisory responsibility over plaintiff were sufficient to state a cause of action under the FLSA against an individual and company) (citing *Patel v. Wargo*, 803 F. 2d 632, 638 (11th Cir. 1986)).

### 2. Coverage.

In order to be eligible for overtime wages under the FLSA, an employee must demonstrate that he or she is covered by the FLSA. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011). An employee may establish coverage by demonstrating: 1) that he or she was engaged in commerce or in the production of goods for commerce (i.e., individual coverage); or 2) that the employer was engaged in commerce or in the production of goods for commerce (i.e., enterprise coverage). 29 U.S.C. § 207(a)(1); *Josendis*, 662 F.3d at 1298-99.

Plaintiff alleges that Defendants were an enterprise covered by the FLSA throughout the relevant period. Doc. 1 at ¶¶ 15-16. An enterprise is engaged in commerce or in the production of goods for commerce if it meets the following requirements:

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000[.]

29 U.S.C. § 203(s)(1)(A)(i)-(ii). A court "cannot presume for enterprise coverage either that the employer was involved in interstate commerce or that the employer grosses over $500,000 annually." *De Lotta v. Dezenzo's Italian Rest., Inc.*, Case No. 6:08-cv-2033-Orl-22KRS, 2009

WL 4349806, at *2 (M.D. Fla. Nov. 24, 2009) (citing *Sandoval v. Fla. Paradise Lawn Maint., Inc.*, 303 F. App'x 802, 805 (11th Cir. 2008)).[6]

Plaintiff alleges that at all relevant times Defendants had two or more employees engaged in commerce by:

> processing credit cards which are instruments of interstate commerce, transacting business with foreign corporations which were part of interstate commerce, purchasing products, furniture, equipment, materials, and supplies from dealers, wholesalers, suppliers, and retailers out of state which were part of interstate commerce, by advertising on the World Wide Web and other mediums to potential clients outside the State of Florida, by using roads and highways to transport its clients' belongings throughout the United States, and by transacting business across state lines, all of which are part of interstate commerce.

Doc. 1 at ¶¶ 17;18; *see also* Doc. 22 at 20-21. Plaintiff further alleges that at all relevant times Defendants' annual gross revenue exceeded $500,000.00. Doc. 1 at ¶¶ 20-22. Accepting these allegations as true, the undersigned finds that Plaintiff has sufficiently demonstrated enterprise coverage. *See Gonzalez v. Unidad of Miami Beach, Inc.*, 2011 WL 2983671, at *2 (S.D. Fla. July 22, 2011) (finding that plaintiff sufficiently alleged enterprise coverage under the FLSA where complaint alleged, in relevant part, that defendant's employees "regularly sold, handled, or otherwise worked on goods and/or materials that had been moved or produced for commerce," and that defendant "was an enterprise engaged in commerce . . . as defined by the FLSA.").

Plaintiff also alleges that Plaintiff was an individual covered by the FLSA throughout the relevant period. *See* Doc. 1 at ¶¶ 38; 17-18; *see also* Doc. 22 at 18-19. However, the Court need not address whether Plaintiff's allegations are sufficient to establish individual coverage given that the allegations establish enterprise coverage sufficiently.

### 3. Hours of Work per Week.

---

[6] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

Plaintiff alleges that he worked in excess of 40 hours per week during his last week of employment with Defendants. Doc. 1 at ¶¶ 96, 48. Specifically, Plaintiff avers that he worked 75 hours during his last week of work and was not paid a minimum wage for the first 40 hours and was not paid overtime wages for the 35 overtime hours. Doc. 1 at ¶ 48. Accepting these allegations and uncontroverted averments as true, the undersigned finds that Plaintiff has sufficiently demonstrated that he worked in excess of 40 hours during at least one week when he was employed by Defendants.

### 4. Unpaid Overtime.

Plaintiff alleges that he was not paid overtime wages for any of the hours he worked in excess of 40 hours per week during at least one week of employment. Doc. 1 at ¶¶ 96; 48. Accepting these allegations as true, the undersigned finds that Plaintiff has sufficiently demonstrated that Defendants did not pay him overtime wages for all hours he worked in excess of 40 hours per week.

In light of the foregoing, the undersigned finds that Plaintiff has sufficiently demonstrated that Defendants violated the FLSA's overtime provision, 29 U.S.C. § 207(a)(1).

### D. FMWA Liability.

To prevail on a claim for unpaid minimum wages under the FMWA, a plaintiff must establish the same three elements required under the FLSA:

> that the plaintiff was employed by an employer covered by the FLSA during the time period involved; that the plaintiff was engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce; and that the employer failed to pay the plaintiff the minimum wage and overtime compensation required by law.

*Kwasnik v. Charlee Family Care Servs. of Cent. Fla., Inc.*, No. 6:08-cv-926-Orl-31KRS, 2009 WL 1607809, at *4 (M.D. Fla. June 9, 2009). Further, the FMWA provides as follows:

> [P]rior to bringing any claim for unpaid minimum wages pursuant to [the FMWA], the person aggrieved shall notify the employer alleged to have violated this section, in writing, of an intent to initiate such an action. The notice must identify the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the date of the notice.

Fla. Stat. 448.110(6)(a).

Here, Plaintiff pled that he provided notice of his unpaid minimum wages via letters of demand to Defendants on or about December 13, 2019. Doc. 1 at ¶ 55. This date precedes the filing of this action by more than 15 days, in satisfaction of Fla. Stat. § 448.110(6)(a)-(b). Doc. 1 at ¶ 55; *see* Doc. 1-1; Doc. 1-2; *see also* Doc. 22 at 25. And for the reasons previously discussed, the undersigned finds that Plaintiff established the necessary elements to prevail on a claim for unpaid minimum wages under the FLSA, and, thus, also under the FMWA. Accordingly, the undersigned finds that Plaintiff has sufficiently demonstrated that Defendants violated the FWMA's minimum wage provision.

### E. Damages.

An employer that violates the minimum wage or overtime provisions of the FLSA shall be liable to the employee affected in the amount of the employee's unpaid minimum wages and unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 U.S.C. § 216(b). Likewise, an employer that violates the minimum wage provision of the FMWA shall be liable to the employee affected for the full amount of the employee's unpaid back wages, plus an equal amount in liquidated damages. Fla. Stat. 448.110(c)(1).

In an FLSA case, the plaintiff bears the burden of proving, "with definite and certain evidence, that he performed work for which he was not properly compensated." *Reeves v. Int'l Tel. & Tel. Corp.*, 616 F.2d 1342, 1351 (5th Cir. 1980) *implicitly overruled on other grounds by McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133-34 (1988). A plaintiff may establish his or

her damages by affidavit. *See Adolph Coors*, 777 F.2d at 1544 ("Damages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts." (internal quotations omitted)). Additionally, "employees who prevail under the FLSA are entitled to recover liquidated damages unless the employer makes an affirmative showing that it acted in good faith." *Ojeda-Sanchez v. Bland Farms, LLC*, 499 F. App'x 897, 902 (11th Cir. 2012) (citing *Dybach v. Fla. Dep't of Corrections*, 942 F.2d 1562, 1566-67 (11th Cir. 1991)).

When an employer fails to appear and provide time records, and the employee proves he or she performed work for which he or she was not properly compensated, the burden shifts to the employer to prove its claim or disprove the employee's, and, upon failing to do so, the court can award damages to the employee even if the result is only approximate. *See Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1315 (11th Cir. 2013) (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946)); *see also Brock v. Norman's Country Mkt., Inc.*, 835 F.2d 823, 828 (11th Cir. 1988). Here, Plaintiff has proven that he performed work for which he was not properly compensated, and Defendants, by failing to appear, have failed to disprove Plaintiff's claims. As such, the Court may award damages to Plaintiff for the work he performed during his employment with Defendants, even if those damages are approximate.

Plaintiff provided an affidavit in support of his request for damages. Doc. 22-1. Therein, Plaintiff avers that during his last week of employment with Defendants, he worked for a total of 75 hours. *Id.* at 2. Plaintiff further avers that 35 of those hours were overtime. *Id.* Plaintiff further avers that he was not paid for any of those hours. *Id.* Plaintiff asks the Court to award him $330 in unpaid minimum wages under the FMWA and $682.50 in unpaid overtime wages under the

FLSA. Doc. 22 at 3-4, ¶ 11.  In 2018, Florida's minimum wage was $8.25.[7]  As such, Plaintiff should have been paid $330.00[8] as compensation for 40 hours of work.  Plaintiff should also have been paid an additional $682.50[9] as compensation for 35 hours of overtime, for a total $1,012.50.[10]

Plaintiff also seeks an award of liquidated damages.  Doc. 1 at ¶ 70.  Defendants have not appeared, and, thus, has not presented any evidence of a good faith failure to pay Plaintiff minimum and overtime wages.  As a result, the undersigned finds that Plaintiff is entitled to an award of liquidated damages.  *Ojeda-Sanchez*, 499 F. App'x at 902.

In light of the foregoing, the undersigned finds that Plaintiff is entitled to recover a total of $1,012.50 in unpaid minimum and overtime wages and an equal amount of liquidated damages, resulting in a total of $2,025.00[11] in damages under Plaintiff's claim for unpaid minimum and overtime wages.  Plaintiff seeks attorney fees and costs in a separate motion.

## IV.   CONCLUSION.

Accordingly, is it **RECOMMENDED** that:

---

[7] FLORIDA MINIMUM WAGE HISTORY 2000 TO 2019, http://www.floridajobs.org/docs/default-source/business-growth-and-partnerships/for-employers/posters-and-required-notices/2019-minimum-wage-poster/florida-minimum-wage-history-2000-2018.pdf?sfvrsn=4, (last visited Oct. 4, 2019)

[8] ($8.25) x (40 hours) = $330.00

[9] Plaintiff alleges that his normal rate of pay was $13.00 per hour and that his overtime rate was therefore $19.50 per hour; [($13.00)(1.50) = $19.50] x (35 hours) = $682.50.

[10] ($330.00) + ($682.50) = $1,012.00

[11] ($1,012.50) x (2) = 2,025.00

1. The Motion (Doc. 22) be **GRANTED in part** to the extent that default judgment be entered in favor of Plaintiff and against Defendants in the total amount of $2,025.00;[12] and

2. The Motion (Doc. 22) be **DENIED** in all other respects.

---

[12] This figure is calculated as follows: $1,012.50 (unpaid minimum and overtime wages) + $1,012.50 (liquidated damages) = $2,025.00.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on October 22, 2019.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE