UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**AVERY JACOB POLLOCK,**

        **Plaintiff,**

v.                                                             **Case No: 6:19-cv-130-Orl-31DCI**

**MOVE4ALL, INC. and CURTIS D. HERSEY,**

        **Defendants.**

### REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | Motion for Attorney Fees (Doc. No. 18) |
| **FILED:** | May 13, 2019 |

**THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

**I.    Background**

On January 21, 2019, Plaintiff Avery Jacob Pollock filed a complaint against Defendants Move4All, Inc. and Curtis D. Hersey, a moving company and its owner-operator. Doc. 1 (the Complaint). The essence of the Complaint is that Plaintiff, who was employed by Defendants as a mover, was not paid minimum wage for work he performed, nor was he paid overtime wages for work he performed in excess of forty (40) hours per week. *Id*. Plaintiff asserts one claim for unpaid wages under the Fair Labor Standards Act (FLSA), 209 U.S.C. § 206(a) (Count I); one claim for unpaid wages under the Florida Minimum Wage Act (FMWA), Fla. Stat. § 448.110 and

the Florida Constitution, Art. X, § 24(c) (Count II); one claim for unpaid overtime wages under the FLSA, 29 U.S.C. § 207 (Count III); and one claim for breach of contract (Count IV).  Id.

On January 30, 2019, Plaintiff filed a return of service as to Defendant Move4All, in which the process server averred that she served Defendant Move4All by serving Defendant's office manager.  Doc. 11.  On the same date, Plaintiff also filed a return of service as to Defendant Hersey, in which the process server averred that she served Defendant Hersey by serving a co-resident.  Doc. 10.  Thus, Defendants had 21 days from the dates of service – January 24 and January 26, 2019, respectively – to respond to the Complaint.  Fed. R. Civ. P. 12(a)(1)(A)(i).  Defendants, however, did not respond to the Complaint, and on February 27, 2019, Plaintiff moved for default against Defendants.  Docs. 12; 13.  On February 28, 2019 the Clerk entered default against Defendants.  Docs. 14; 15.

On May 1, 2019, the Court entered an Order directing Plaintiff to show cause why the case should not be dismissed for failure to prosecute.  Doc. 16.  Plaintiff timely responded (Doc. 19), and on May 13, 2019, filed a motion for entry of default final judgment (Doc. 17) and a motion or entitlement to and award of attorney fees and costs.  Doc. 18.  On July 2, 2019, the Court entered an Order denying Plaintiff's motion for default judgement without prejudice and directed Plaintiff to file a renewed motion that complied with Local Rule 3.01(a) and the terms of the Order.  *See* Doc. 21.

On July 22, 2019, Plaintiff filed the Renewed Motion for Entry of Default Final Judgment, along with an affidavit from himself.  Docs. 22; 22-1.  Plaintiff argued that the allegations in the Complaint demonstrate that he is entitled to default judgment against Defendants as to Counts II (unpaid wages under the FMWA and the Florida Constitution) and III (unpaid overtime wages under the FLSA) of the Complaint.  Doc. 22 at 1.  Thus, Plaintiff requests a total of $660.00 for

unpaid minimum wages and liquidated damages as to Count II and a total of $1,365.00 for unpaid overtime wages and liquidated damages as to Count III. Id. at 5-6. Following an analysis of the claims in Counts II and III, the undersigned ultimately recommended that Plaintiff recover from Defendants a total of $1,012.50 in unpaid minimum and overtime wages and an equal amount of liquidated damages, resulting in a total of $2,025.00. Doc. 24. That Recommendation was adopted without objection, and on November 20, 2019, the Court entered a default judgment in the amount of $2,025.00 and closed the case. Doc. 29. In the meantime, Plaintiff had dismissed Counts I and IV. Docs. 26; 27.

On December 19, 2020, Defendant Move4all appeared through counsel and filed a suggestion of bankruptcy, seeking to invoke an automatic stay pursuant to 11 U.S.C. § 362(a). Doc. 30.

On August 14, 2020, Plaintiff moved to lift the stay as to Defendant Curtis D. Hersey (Hersey), arguing explicitly that Plaintiff sought to have the Court rule on the Motion for Entitlement to and Award of Attorney's Fees and Costs (Doc. 18 (the Motion)) and enter judgment for fees and costs against Hersey. Doc. 31. The Court lifted the stay as to Hersey, directed the Clerk to reopen the Motion, and referred this matter to the undersigned for consideration. Doc. 32.

## II. Discussion

### a. *Entitlement to Attorney Fees and Costs*

Here, Plaintiff prevailed on Count III, a claim for unpaid overtime wages under the FLSA, 29 U.S.C. § 207. Thus, entitlement to attorney fees and costs is governed by 29 U.S.C. § 216(b), which provides, in part, as follows:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid

>  minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action. . . .

Accordingly, the undersigned finds that Plaintiff is entitled to attorney fees and costs against Hersey pursuant to § 216(b).[1]  Further, as Plaintiff argues in the motion to lift stay (Doc. 31), the Court found that Hersey is jointly and severally liable for damages in this FLSA case and, thus, Hersey is similarly jointly and severally liable for fees and costs awarded pursuant to § 216(b).

### b. The Calculation of a Reasonable Attorney Fee and Costs

The Court uses the familiar "lodestar" method in determining a reasonable fee award, which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The party moving for fees has the burden of establishing that the hourly rates and hours expended are reasonable.  *See Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

"[A] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (quotations and citation omitted). In determining if the requested rate is reasonable, the Court may consider the applicable *Johnson* factors and may rely on its own knowledge and experience. *Norman*, 836 F.2d at 1299-1300, 1303 ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.") (quotations and citation

---

[1] Plaintiff also prevailed on Count II (unpaid wages under the FMWA and the Florida Constitution, but the undersigned need not address the additional basis for fees under state law because § 216(b) provides full relief to Plaintiff here.

omitted); *see Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[2]  "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates," which must be more than just "the affidavit of the attorney performing the work." *Norman*, 836 F.2d at 1299 (citations omitted).  Instead, satisfactory evidence generally includes evidence of the rates charged by lawyers in similar circumstances or opinion evidence of reasonable rates. *Id.*

As for the hours reasonably expended, counsel must exercise proper "billing judgment" and exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434.  In demonstrating that their hours are reasonable, counsel "should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303.  Likewise, a party opposing a fee application should also submit objections and proof that are specific and reasonably precise. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999).  A fee opponent's failure to explain with specificity the particular hours viewed as "unnecessary or duplicative" is generally fatal. *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1333 (M.D. Fla. 2002) (citing

---

[2] The *Johnson* factors are: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal services properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee in the community; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and the ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases.  *Johnson*, 488 F.2d at 717-19.  The Eleventh Circuit has subsequently explained that "district courts may, but are not required to, consider [the *Johnson*] factors since many 'usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate.'" *Mock v. Bell Helicopter Textron, Inc.*, 456 F. App'x 799, 801 (11th Cir. 2012) (quoting *ADA v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 n.1 (11th Cir. 2006)).

*Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387 (11th Cir. 1997)). "If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are excessive, redundant, or otherwise unnecessary." *Barnes*, 168 F.3d at 428 (quotations omitted). But in cases where the fee motion and supporting documents are voluminous, an hour-by-hour analysis by the court is not required, and the court may apply across-the-board percentage cuts in the number of hours so long as the court provides a concise but clear explanation of its reasons for the reduction. *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994). There is a strong presumption that the lodestar figure is reasonable. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553-54 (2010).

> i. *Reasonable Hourly Rates*

Plaintiff seeks hourly rates of $375.00 per hour for attorney Jeremiah J. Talbott, $200.00 per hour for attorney Ryan P. Stoner, and $110.00 per hour for paralegal Catherine Freeman. Doc. 18. Attached to the Motion—and in support thereof—are several declarations. First, Mr. Talbott provides a declaration containing his qualifications and experience, which is extensive and includes more than 20 years practicing law and approximately 13 years litigating wage claims in federal court. Doc. 18-3. Second, Mr. Stoner provides a declaration containing his experience, which includes approximately five years of legal experience. Doc. 18-4. Third, attorney Sean Culliton, an attorney with over 20 years' experience (including many years litigating wage claims in federal court), provides a declaration in which he opines that the hourly rates sought by Plaintiff's counsel are "in line with the prevailing market rates for the work performed." Doc. 18-5. However, Mr. Culliton's opinion is best described as conclusory and seems to make conclusions based on lawyers in Florida generally, and not related to the Orlando-area market or cases

involving wage claims. The retainer agreement is also attached, which reflects that counsel's recovery of a fee is contingent upon success in this action.

As the undersigned previously noted, the affidavit of the attorney performing the work is generally not sufficient to carry the applicant's burden of establishing that the requested rate is in line with the prevailing market rates, and Mr. Culliton's declaration does little to carry the burden. *Norman*, 836 F.2d at 1299 (citations omitted). Further, while the legal authority provided by Plaintiff appears at first blush to support the request based on Plaintiff's parenthetical descriptions of the authority, upon closer inspection much of it involves litigation unrelated to wage claims and in different markets. Thus, Plaintiff's legal argument is overwhelmingly unpersuasive. Further, judges in the Orlando division of this Court in FLSA cases routinely award fees at hourly rates less than the $400 rate requested by Mr. Talbott. Indeed, the Court has routinely found lower hourly rates to be reasonable in these types of cases, as very recently explained in *Parker v. Green Mountain Specialties Corp.*, No. 6:19-CV-1571-ORL-37GJK, 2020 WL 1957573, at *4 (M.D. Fla. Apr. 7, 2020), *report and recommendation adopted,* 2020 WL 1955340 (M.D. Fla. Apr. 23, 2020) (in the context of a default judgment, rejecting a request for a $400 rate in a FLSA case and awarding a $300 rate to an attorney with over 15 years' experience and practicing exclusively in labor and employment law) (citing *Rizzo-Alderson v. Tawfik*, No. 5:17-cv-312, 2019 U.S. Dist. LEXIS 124279, at *8, 1991 WL 3324298 (M.D. Fla. July 1, 2019) (collecting cases that reflect courts in the Middle District have awarded rates between $250-$375 per hour in FLSA cases)).

Here, the Court finds Plaintiff's request for Mr. Talbott's rate unsupported, in part. Accordingly, based upon the undersigned's knowledge and experience and a review of the foregoing case law, the undersigned finds that a rate of $325 per hour is reasonable for Mr. Talbott here. As to Mr. Stoner, the undersigned finds, based upon the undersigned's knowledge and

experience and a review of the foregoing case law, that $200.00 per hour is a reasonable rate in this case, as is the requested paralegal rate.

      *ii.*      *Reasonable Number of Hours Billed*

In the Motion, Plaintiff seeks recovery for a total of 23.2 attorney hours and 1.7 paralegal hours.  Docs. 18 at 9-10; 14; 18-1.  The undersigned has reviewed the detailed billing records provided, as well as the declaration of counsel, and finds that the hours sought to be recovered are reasonable.

Thus, given the number of hours billed and the rate recommended, the lodestar is calculated as follows:

|  | Rate | Hours billed | Total |
| --- | --- | --- | --- |
| Mr. Talbott | $325 | 5.3 | $1,722.50 |
| Mr. Stoner | $200 | 17.9 | $3,580.00 |
| Paralegals | $110 | 1.7 | $187.00 |
|  |  |  |  |
|  |  | **Total:** | **$5,489.50** |

      *iii.*      *Costs*

In addition to attorney fees, Plaintiff requests costs of $564.65.  Docs. 18 at 4; 18-1 at 3. Plaintiff describes these costs as "the filing fees, service of process fees, postage fees, and facsimile, scan, and copy fees," and provides an item by item description as an attachment.  *Id*. However, Plaintiff provided no legal authority or discussion tied to the actual costs requested. Nevertheless, the majority of the costs requested are reasonable and recoverable.  However, absent any argument or authority, the undersigned is not inclined to recommend that Plaintiff recover costs for the entry labelled: "Facsimile/scan/copy."  Doc. 18-1 at 3.  Plaintiff has simply failed to

carry the burden to establish the reasonableness of that request in the amount of $40.35. Thus, the undersigned recommends that Plaintiff recover costs in the amount of $524.30.

### III. Conclusion

Accordingly, the undersigned respectfully **RECOMMENDS** that the Motion (Doc. 18) be **GRANTED in part**, such that Plaintiff be awarded $5,489.50 in attorney fees and $524.30 in costs against Defendant Curtis D. Hersey, and **DENIED in all other respects**.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on August 21, 2020.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy